VIRGINIA H. PARMELEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY REYNALE ROWLANDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28072, 28111. Promulgated September 17, 1931.

*Samuel B. King*, Esq., for the petitioners.
*J. E. Marshall*, Esq., and *W. F. Wattles*, Esq., for the respondent.

## OPINION.

TRAMMELL: The petitioners having conceded that as distributees of the estate of the taxpayer they are liable as transferees, there are only two issues for our determination. In view of this concession we have not set out the facts relating to this issue or made a finding thereon. The first issue, while vaguely stated, is whether the collection of the tax is now barred by limitation. The statute of limitations applicable is:

SEC. 280. (b) (1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

On March 15, 1922, the taxpayer filed his return for 1921, reporting no tax due thereon. The Commissioner had four years to assess the tax against the taxpayer, which would be March 15, 1926. He therefore had, under section 280 (b) (1), until March 15, 1927, that is, one year after the period allowed for assessment against the taxpayer had expired, to assess the tax against these petitioners or to send a notice of deficiency to them. The notices of deficiency mailed on March 8, 1927, were timely and the statute does not bar assessment and collection from petitioners as transferees. Since the period of limitation for assessment against the taxpayer had not expired before the passage of the 1926 Act, section 280 (b) (2) is not applicable.

Petitioners allege that an assessment made against the estate on January 21, 1926, was ineffective upon several grounds, but in our opinion, it is immaterial whether that assessment was made at all or not, or, if made, whether it was properly made. Section 280 (c) provides as follows:

(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

The Commissioner had the same period to assess the tax regardless of whether the taxpayer had died. He was not required to assess against either the taxpayer or his estate in order to give him the one year after the expiration of the period of assessment against the taxpayer in which to proceed against the transferees.

The remaining issue is whether the respondent erred in disallowing the deduction of $15,000 taken by the taxpayer as a bad debt. In order to be deductible the amount must have been ascertained to be worthless and charged off during the taxable year. Since no question has been raised as to the amount being duly charged off, our discussion will be limited to the question of whether the indebtedness was ascertained to be worthless in 1921.

The indebtedness represented loans made by the taxpayer during 1915 to the Betsy Ross Candy Company, which in that year surrendered its charter and went out of business. What its financial condition was at the time it went out of business we do not know, except that it was such that the taxpayer lost his investment in its stock. Whether the corporation before dissolution was in a position to have paid any part or all of the indebtedness is not disclosed by the record. All we know is that the indebtedness was not paid, and after the dissolution and surrender of its charter of course it could not pay. The Betsy Ross Candy Manufacturing Company, which was formed about the time of the dissolution of the Betsy Ross Candy Manufacturing Company of Illinois, gave to the taxpayer its notes for the indebtedness owing to him by the dissolved corporation.

The petitioners state in their brief that the Betsy Ross Candy Manufacturing Company was under no legal obligation to pay the taxpayer for the money advanced by him to the dissolved corporation. If not, then the indebtedness became worthless in 1915 when the old corporation was dissolved. If it was liable, then there is no evidence that anything occurred in 1921 which would have warranted an ascertainment of worthlessness in that year any more than in any other year subsequent to 1915, or even subsequent to 1921. The taxpayer stated in his return that he had canceled the indebtedness and the amount was added to surplus of the corporation. If this be true

and there is no evidence on the question sufficient to overcome such statement by the taxpayer, then, of course, no deduction is allowable.

Since the petitioners have failed to introduce evidence sufficient to overcome the presumption of correctness of the Commissioner's determination, we think the action of the respondent in disallowing the deduction must be sustained.

*Judgment will be entered under Rule 50.*